IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LISA PEREZ AS ADMINISTRATRIX OF  :
THE ESTATE OF ANTONI ALVARADO,  :   CIVIL ACTION NO.:
              PLAINTIFF        :
                               :
              V.               :
                               :
NEW JERSEY MANUFACTURERS       :
INSURANCE GROUP,               :   JURY TRIAL DEMANDED
              DEFENDANT        :

## COMPLAINT

AND NOW, comes Plaintiff, Lisa Perez as Administrator of the Estate of Antoni Alvarado, and files this civil action and in support thereof avers the following:

1.     Plaintiff Lisa Perez, as administrator of the estate of Antoni Alvarado, is an adult individual and a citizen of the Commonwealth of Pennsylvania who resides in Monroe County within the Middle District of Pennsylvania.

2.     Defendant New Jersey Manufacturers Insurance Group is an insurance company organized and existing under the laws of the state of New Jersey with a principal place of business located in New Jersey.

3.     This Honorable Court has jurisdiction over this matter based on diversity.

4.     This action arises out of a contract of insurance issued to William Oxford who resides in Saylorsburg, Pennsylvania within the Middle District of Pennsylvania. Therefore, this Court is the proper venue for this action.

5.     Defendant issued a policy of automobile insurance to Mr. Oxford providing a single liability limit of $300,000.00 per accident. A copy of the policy is attached hereto as Exhibit "A."

6.     Defendant asserts that underinsured motorist coverage (UIM) applicable to this policy is only $100,000.00 stacked with three vehicles on the policy for a total available coverage of $300,000.00.  See attached Exhibit "B."

7.     Defendant acknowledged that it did not receive a written request for reduced limits from Mr. Oxford prior to reducing UIM limits as required under the Pa. Motor Vehicle Financial Responsibility Act.  See attached Exhibit "C."

8.     On February 13, 2016, Antonio Alvarado was a passenger in a motor vehicle involved in a two vehicle crash that occurred on State Route 33 in Northampton County Pennsylvania.

9.     Mr. Alvarado was conscious and in clear physical distress following the crash.

10.     Mr. Alvarado subsequently died on February 14, 2016 as a result of the injuries sustained in the motor vehicle crash.

11.     On August 17, 2017, the undersigned counsel contacted AAA Insurance (AAA) on behalf of Plaintiff.

12.     AAA provided liability coverage for the vehicle in which Mr. Alvarado was riding at the time of the crash.

13.     On September 22, 2017, AAA tendered its $100,000.00 liability limit.  See Exhibit "D" hereto.

14.     On August 15, 2017 the undersigned contacted Allstate Insurance Company, the liability carrier for the only other vehicle involved in the crash.

15.     On August 23, 2017, Allstate insurance company tendered its $15,000.00 policy limit. Exhibit "E" hereto.

16.     On August 18, 2017, the undersigned contacted Progressive Insurance Company regarding an underinsured motorist claim.

17.     Progressive provided automobile insurance coverage to Lisa Perez, Antoni Alvarado's mother, with whom he resided at the time of the crash.

2

18.     On September 22 2017 Progressive Insurance Company consented to the third-party settlements and waived subrogation with regard to the uninsured motorist claim. See attached Exhibit "F."

19.     On September 27, 2017, Progressive tendered its $100,000.00 policy limit without requiring a signed release. Exhibit "G" hereto.

20.     Antoni Alvarado and Lisa Perez resided with William Oxford, Antoni's grandfather, at the time of the crash.

21.     Antoni was a named insured on Mr. Oxford's policy with Defendant.

22.     On March 15, 2016, Defendant acknowledged notice of the February 13, 2016 crash. See attached Exhibit "H."

23.     Defendant subsequently paid the first party medical insurance coverage limit of $100,000.00 under Mr. Oxford's policy as result of the injuries to Antoni Alvarado.

24.     However, Defendant never informed any of Antoni's family of the availability of UIM benefits and did not open a UIM claim until after the undersigned contacted Defendant on August 15, 2017.

25.     On September 21, 2017, Plaintiff requested consent to settle the third party actions from Progressive Insurance and Defendant. See attached exhibit "I."

26.     Progressive Insurance gave consent to settle on September 22, 2017. See attached Exhibit "J."

27.     Defendant gave consent to settle on October 12, 2017. See attached Exhibit "K."

28.     On March 12, 2018, Defendant offered $200,000.00 of the $300,000.00 it claimed was the policy limit.

29.     On March 14, 2018, Defendant offered  $250,000.00 of the $300,000.00 it claimed was the policy limit.

30.     On March 15, 2018, Defendant offered the $300,000.00 it claimed was the policy limit.

31.     Thereafter, Defendant insisted that Plaintiff sign a release to obtain UIM benefits Defendant acknowledged are owed.

32.     The release Defendant insists Plaint sign mandates the release of any claim to additional UIM benefits owed.

33.     Plaintiff asserts that the actual amount of UIM benefits provided under the policy and owed total $900,000.00.

## COUNT I
## DECLARATORY JUDGMENT

34.     Plaintiff incorporates by reference herein paragraphs 1-33 above as if fully set forth herein.

35.     Defendant's policy of insurance under which Decedent Antoni Alvarado was a named insured carried $300,000.00 liability limits for three automobiles.

36.     The policy also provided stacked UIM coverage.

37.     The available UIM coverage under the policy with Defendant should be $900,000.00 because Defendant did not have a written document signed by a named insured requesting reduced limits before reducing the limits.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order declaring that the applicable coverage under the policy of insurance issued by Defendant is $900,000.00.

## COUNT II
## BREACH OF CONTRACT

38.     Plaintiff incorporates by reference herein paragraphs 1-37 above as if fully set forth herein.

39.     Defendant had an obligation to make payments it acknowledges are owed under the policy of insurance in a timely manner.

40.     Defendant acknowledges it owes $300,000.00 in UIM benefits.

41.     Plaintiff has satisfied all conditions necessary and required under the policy for the payment of UIM benefits.

42.    Signing of a release disclaiming any other benefits is not required under the policy.

43.    Defendant has breached the contract of insurance by failing to pay the $300,000.00 owed.

WHEREFORE, Plaintiff demands all available damages under the law from the Defendant in an amount in excess of the compulsory arbitration limits plus interest and cost of court.

## COUNT III
### BAD FAITH

44.    Plaintiff incorporates by reference herein paragraphs 1-43 above as if fully set forth herein.

45.    Defendant has acted in bad faith as defined in 42 Pa. C.S.A. §8371 in general and as follows:

a.    In failing to entirely, timely and appropriately evaluate and investigate Plaintiff's claim by, including but not limited to, failing to begin its investigation until almost 19 months after becoming aware of the fatal motor vehicle crash, requiring Plaintiff to supply written authorizations to review the PIP file even after Plaintiff gave written authorization for same, continuing to insist on signed authorizations even after Plaintiff provided the actual PIP file to the UIM adjuster, delaying consent to settle the third party action, demanding documentation that had no bearing on any decisions pertaining the claim such as other insurance coverage "booklets" as well as coverage confirmation, unreasonably delaying evaluation given the nature of the claim, maintaining a policy that file reviews are only performed once per month, delaying monthly review of a clear policy limit claim for six months,

b.    In failing to respond to Plaintiff's demands in a timely manner;

c.    In failing to pay policy limits acknowledged owed;

5

d.   In failing to adopt reasonable standards for a prompt investigation of
Plaintiff's claim by only conducting applicable reviews on a monthly basis;

e.   In refusing to pay the claim without conducting a reasonable investigation based
upon all available information;

f.   In failing to attempt in good faith to provide a fair and equitable settlement of this
claim in particular and claims in general in which the company's liability has
become reasonably clear.

g.   In compelling Plaintiff, in particular, and persons in general to institute litigation
to recover amounts rightfully due under the policy;

h.   By offering substantially less than the amounts due and ultimately recoverable in
actions brought by such litigation;

i.   In failing to set a timely proper reserve for this claim so as to allow settlement in a
prompt and timely manner;

j.   In failing to comply with State promulgated insurance regulations in the
adjustment of claims and communications with Plaintiff;

k.   Unreasonably under valuing the loss and making low ball offers of less than the
acknowledged policy limits;

l.   Demanding Plaintiff sign a release precluding judicial review of the asserted
policy limit knowing it did not have necessary documentation to support its
position or, at least that its position regarding the policy limit warranted judicial
review.

m.   Withholding funds admittedly owed in an effort to unreasonably coerce Plaintiff
into accepting its position rather than continue litigation involving her son's tragic
death.

n.     Disregarding the interests of its insured to protect its financial interest in not

paying claims by not promptly investigating and paying UIM benefits in March

2016 when it knew or should have known of its obligation.

46.     As a result of Defendant's violations of 42 Pa. C.S.A. §8371, Defendant is liable

for damages including the full amount of its policy limits, interest on the claim from the date the

claim was made as allowed by statute, court costs, attorney fees and punitive damages.

WHEREFORE, Plaintiff demands compensatory, consequential and punitive damages

from the Defendant in access of the compulsory arbitration limits plus interest, costs and attorney

fees.

## COUNT IV
## VIOLATION OF THE UNFAIR TRADE PRACTICES ACT
## AND CONSUMER PROTECTION LAW

47.     Plaintiff incorporates by reference herein Paragraphs 1 through 46 above as

though fully set forth herein at length.

48.     Defendant held itself out as providing expertise in claim handling, focusing on

quality and customer service and working with assurance to manage claims in a fair and timely

manner.

49.     The policyholder relied upon Defendant's representation when purchasing the

policy of insurance.

50.     Defendant's actions, as set forth above, have violated Pennsylvania's Unfair

Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq.

WHEREFORE, Plaintiff demands all available damages under the law from Defendant in

amount in excess of the compulsory arbitration limits plus interest, costs and attorney fees.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51.     Plaintiff incorporates by reference herein Paragraphs 1 through 50 above as

though fully set forth herein at length.

7

52.     Defendant employed claims handling tactics knowingly intend to increase the length of time Plaintiff's claim remained open in order to take advantage of the emotional nature of this claim.

53.     Defendant was aware by March 2016 that UIM benefits were due and owing on the policy of insurance.

54.     Defendant disregarded the interests of its insured to protect its financial interest in not paying claims.

55.     Defendant has continued its dilatory tactics in hope that the emotional toll of losing her son will deter Plaintiff from pursuing claims involving his death.

56.     Defendant's actions have intentionally inflicted emotional distress on Plaintiff.

57.     Plaintiff requests a jury trial on Counts II through V.

WHEREFORE, Plaintiff demands all available damages under the law from Defendant in amount in excess of the compulsory arbitration limits plus interest, costs and attorney fees.

Respectfully submitted,

By:___*Leo P. Jackson*___

LEO P. JACKSON;  I.D. No:  77431
607 Monroe Street
Stroudsburg, PA  18360
(570) 421-1066
Counsel for Plaintiff